FILED
2022 Mar-30 PM 01:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **LEO F. CHENEVERT,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | |
| **CONSTELLIUM SE,** | ) | |
| **CONSTELLIUM MUSCLE** | ) | |
| **SHOALS LLC, CONSTELLIUM** | ) | |
| **HOLDINGS MUSCLE SHOALS** | ) | |
| **LLC, CONSTELLIUM MUSCLE** | ) | |
| **SHOALS FUNDING III LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Constellium Muscle Shoals LLC, ("Constellium Muscle Shoals"), and named Defendants Constellium Holdings Muscle Shoals LLC, Constellium Muscle Shoals Funding III LLC, and Constellium SE, without making an appearance or conceding jurisdiction and with full reservation of all defenses and objections, give notice of the removal of this action from the Circuit Court of Colbert County, Alabama, as Case No. 20-CV-2022-900033.00, to the United States District Court for the Northern District of Alabama, Northwestern Division. A copy of all records and proceedings from the

47626635 v1

state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as **Exhibit A** and referenced herein.

In support of this notice of removal, Constellium Muscle Shoals LLC states as follows:

## I.     INTRODUCTION

1. Plaintiff Leo F. Chenevert commenced this action by filing a complaint against Constellium Muscle Shoals LLC, Constellium Holdings Muscle Shoals LLC, Constellium Muscle Shoals Funding III LLC, and Constellium SE in the Circuit Court of Colbert County, Alabama, Case No. 20-CV-2022-900033.00, on or about February 14, 2022. (*See* Ex. A, Complaint, Doc. 2).

2. Plaintiff's complaint arises from an accident that allegedly occurred on February 20, 2020, when Plaintiff arrived at the Constellium Muscle Shoals LLC facility in Muscle Shoals, Alabama to transport a load of Constellium Muscle Shoals LLC's products to a customer in Oklahoma.[1] (*Id.*).

3. In the complaint, Plaintiff alleges he "tarped the load per his instructions" and was in the process of leaving Constellium Muscle Shoals LLC's facility when a Constellium Muscle Shoals LLC employee or agent told him the load

---

[1] Without waiving any defenses or objections, Constellium Muscle Shoals LLC is the proper defendant to this action. Constellium Muscle Shoals LLC is filing an Answer to Plaintiff's Complaint. The other named defendants are filing a motion to dismiss.

was not properly tarped. According to Plaintiff, the employee or agent directed Plaintiff to return to the loading area and re-tarp the load in accordance with Constellium Muscle Shoals LLC's requirements. As Plaintiff was attempting to re-tarp the load, he lost his balance and fell. Plaintiff alleges the 4-foot tarp he used was not large enough to tarp the load as instructed by Defendants. (*Id.*, ¶¶ 15–16).

4. Plaintiff claims as a result of the fall he suffered "severe and permanent bodily injury which required hospitalization and medical treatment and will in the future require medical care and treatment." (*Id.*, ¶ 17). Plaintiff seeks to recover expenses he has allegedly incurred, and believes he will incur in the future, for "hospital, doctor, physical therapy, drug and medical expenses in the treatment of his injuries." (*Id.*). Plaintiff claims he has suffered and will continue to suffer physical pain, mental anguish, and loss of enjoyment of life as a proximate result of his bodily injury. (*Id.*). Finally, Plaintiff alleges he is "permanently disabled as a result of his bodily injury and has lost income and will lose income in the future due to his permanent injury." (*Id.*).

5. Plaintiff alleges Constellium Muscle Shoals LLC was negligent and/or wanton in a variety of ways, including: (a) failing to provide adequate fall protection; (b) negligently designing, constructing, inspecting, repairing, modifying, or maintaining the Premises to render the premises reasonably safe; (c) providing Plaintiff with premises that were not reasonably safe for performing the directed job

task; (d) failing to warn Plaintiff of latent defects in the premises; (e) failing to have appropriate safety devices, equipment or procedures; (f) requiring Plaintiff to re-tarp the load when it was adequately tarped; (g) failing to provide proper oversight and/or assistance for the work task he was directed to perform; (h) failing to provide proper instructions as to what size tarp would be needed to transport the product; (i) providing plaintiff with instructions that a 4-foot tarp would cover the load; and (j) failing to properly respond and provide medical care after Plaintiff's fall. (*Id.*, ¶¶ 20, 21).

## II.     TECHNICAL REQUIREMENTS FOR REMOVAL

6.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

7.     On February 14, 2022, Plaintiff filed a complaint against Constellium Muscle Shoals LLC, Constellium Holdings Muscle Shoals LLC, Constellium Muscle Shoals Funding III LLC, Constellium SE, and fictitious parties in the case titled *Leo F. Chenevert v. Constellium SE, et al.*, in the Circuit Court of Colbert County, Alabama, Case No. 20-CV-2022-900033.00 ("State Court Action"). (*See* Ex. A, Complaint, Doc. 2).

8.     Defendant Constellium Muscle Shoals LLC was served on February 28, 2022. (*See* Ex. A, Doc. 10).

9. Named Defendant Constellium Holdings Muscle Shoals LLC was served on February 28, 2022. (*See* Ex. A, Doc. 12).

10. Named Defendant Constellium Muscle Shoals Funding III LLC was served on February 28, 2022. (*See* Ex. A, Doc. 8).

11. Plaintiff attempted to serve named Defendant Constellium SE on March 8, 2022. (*See* Ex. A, Doc. 14).

12. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Constellium Muscle Shoals received a copy of the Complaint.

13. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. The United States District Court for the Northern District of Alabama, Northwestern Division, is the federal judicial district and division embracing the Circuit Court in and for Colbert County, Alabama, where the suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 1332(a)(2) and § 1441(a).

14. Moreover, as discussed more fully below, this Court has original jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of a state, defendants are citizens of a foreign state, and the amount in

controversy will likely meet the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

### III.   DIVERSITY JURISDICTION

15. This case is properly removable pursuant to 28 U.S.C. § 1332 because the amount-in-controversy will likely meet the $75,000.00 threshold, and the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(2).

> **A.   Chenevert and Constellium Muscle Shoals LLC, Constellium Holdings Muscle Shoals LLC, Constellium Muscle Shoals Funding III LLC, and Constellium SE are Completely Diverse.**

16. Complete diversity exists between Leo F. Chenevert and Constellium Muscle Shoals LLC, Constellium Holdings Muscle Shoals LLC, Constellium Muscle Shoals Funding III LLC, and Constellium SE.

17. Under § 1332(a)(2), the parties are diverse when the plaintiff is a citizen of a state and the defendants are citizens of a foreign state. *See* 28 U.S.C. § 1332(a)(2).

18. At the time Plaintiff Leo F. Chenevert commenced this action, and at all times since, he has been a citizen of Florida for purposes of diversity jurisdiction. (*See* Ex. A, Doc. 2, ¶ 1).

19. At the time the Plaintiff commenced this action, and at all times since, for purposes of diversity jurisdiction, the ultimate members[2] of each of Constellium Muscle Shoals LLC, Constellium Holdings Muscle Shoals LLC, and Constellium Muscle Shoals Funding III LLC have been citizens of France, and Constellium SE has been a citizen of France. (*See* Affidavit of Patrick Halasz, attached as **Exhibit B**).

20. A limited liability company is a citizen of each state (or nation) of which its members are considered citizens. *See Rolling Greens MPH, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen"). When a member is itself an entity, the limited liability company is a citizen of any state in which its entity-member is a citizen. *See Purchasing Power, LLC v. Bluestem Brand, Inc.*, 851 F. 3d 1218, 1221 (11th Cir. 2017). All of the named Constellium limited liability company defendants are wholly owned by one

---

[2] "Ultimate members" is a simplified description of the ownership of these entities. To clarify, there is a group of affiliated Constellium entities. All of the defendant limited liability companies are directly and indirectly owned by other Constellium limited liability companies, until reaching the first member that is a corporation in the ownership chain. Depending on the named limited liability company defendant, such corporations are either Engineered Products International SAS or Constellium France Holdco SAS, both of which are citizens of France.

7

or more Constellium limited liability companies, with the first corporation in the applicable ownership chain being a citizen of France.

21. Named Defendant Constellium Muscle Shoals Funding III LLC is a limited liability company organized under the laws of the State of Delaware.[3] A limited liability company is a citizen of each state (or nation) of which its members are considered citizens. *See Rolling Greens*, 374 F. 3d at 1022. Its sole member is Defendant Constellium Muscle Shoals LLC. (*See* Ex. B, ¶ 2). Thus, Constellium Muscle Shoals Funding III LLC's citizenship for purposes of diversity jurisdiction depends on the citizenship of its sole member, Constellium Muscle Shoals LLC.

22. Defendant Constellium Muscle Shoals LLC is a limited liability company organized under the laws of the State of Delaware. A limited liability company is a citizen of each state (or nation) of which its members are considered citizens. *See Rolling Greens*, 374 F.3d at 1022. Its sole member is Defendant Constellium Holdings Muscle Shoals LLC. (*See* Ex. B, ¶ 3). Thus, Constellium Muscle Shoals LLC's citizenship for purposes of diversity jurisdiction depends on the citizenship of its sole member, Constellium Holdings Muscle Shoals LLC.

---

[3] Named Defendant Constellium Muscle Shoals Funding III LLC will file a Motion to Dismiss for lack of personal jurisdiction.

23. Named Defendant Constellium Holdings Muscle Shoals LLC is also a limited liability company organized under the laws of the State of Delaware.[4] A limited liability company is a citizen of each state (or nation) of which its members are considered citizens. *See Rolling Greens*, 374 F.3d at 1022. Its sole member is Constellium US Intermediate Holdings LLC. (*See* Ex. B, ¶ 4). Thus, Constellium Holdings Muscle Shoals LLC's citizenship for purposes of diversity jurisdiction depends on the citizenship of its sole member, Constellium US Intermediate Holdings LLC.

24. Constellium US Intermediate Holdings LLC is also a limited liability company organized under the laws of the State of Delaware. A limited liability company is a citizen of each state (or nation) of which its members are considered citizens. *See Rolling Greens*, 374 F.3d at 1022. Its members are Constellium US Holdings I, LLC and Engineered Products International SAS. (*See* Ex. B, ¶ 5). Thus, Constellium US Intermediate Holdings LLC's citizenship for purposes of diversity jurisdiction depends on the citizenship of its members, Constellium US Holdings I, LLC and Engineered Products International SAS.

25. Engineered Products International SAS is a French entity that is organized under French law as a simplified joint-stock company. "SAS" stands for

---

[4] Named Defendant Constellium Holdings Muscle Shoals LLC will file a Motion to Dismiss for lack of personal jurisdiction.

9

*societe par actions simplifiee*, which is treated as a corporation under French law. *Candelario v. Bobst N. Am., Inc.*, 2019 WL 4112179, *1, n.1 (W.D.N.Y. Aug. 29, 2019). For purposes of diversity jurisdiction, a corporation is a citizen of the state (or nation) where it is formed and of the state (or nation) where it has a principal place of business. *See Bel–Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998). Engineered Products International SAS's principal place of business is in Paris, France. (*See* Ex. B, ¶ 6). Accordingly, for purposes of diversity jurisdiction, because Engineered Products International SAS is a French entity and maintains its principal place of business in France, Engineered Products International SAS is a French citizen.

26.   Constellium US Holdings I, LLC is also a limited liability company organized under the laws of the State of Delaware. A limited liability company is a citizen of each state (or nation) of which its members are considered citizens. *See Rolling Greens*, 374 F. 3d at 1022. Its sole member is Constellium France Holdco SAS. (*See* Ex. B, ¶ 7). Thus, Constellium US Holdings I, LLC's ultimate citizenship for purposes of diversity jurisdiction depends on the citizenship of its sole member, Constellium France Holdco SAS.

27.   Constellium France Holdco SAS is a French entity that is organized under French law as a simplified joint-stock company. (*See* Ex. B, ¶ 8). "SAS" stands for *societe par actions simplifiee*, which is treated as a corporation under French law.

*See Candelario*, 2019 WL 4112179, *1, n.1. For purposes of diversity jurisdiction, a corporation is a citizen of the state (or nation) where it is formed and of the state (or nation) where it has a principal place of business. *See Bel–Bel Int'l Corp.*, 162 F.3d at 1106. Constellium France Holdco's principal place of business is in Paris, France. (*See* Ex. B, ¶ 8). Accordingly, for purposes of diversity jurisdiction, because Constellium France Holdco SAS is a French entity and maintains its principal place of business in France, Constellium France Holdco SAS is a French citizen.

28.     Finally, Defendant Constellium SE is a French entity that is organized under French law.[5] Constellium SE is a European company. (*See* Ex. B, ¶ 9). "SE" stands for *societas europea*, which is treated as a corporation under French law. *See SNC-Lavalin Constructors Inc. v. Tokio Marin Kiln Ins. Ltd.*, 2021 WL 2550505, *8 (D. Md. June 21, 2021). For purposes of diversity jurisdiction, a corporation is a citizen of the state (or nation) where it is formed and of the state (or nation) where it has a principal place of business. *See Bel–Bel Int'l Corp.*, 162 F.3d at 1106. Constellium SE's principal place of business is in Paris, France. (*See* Ex. B, ¶ 9). Accordingly, for purposes of diversity jurisdiction, because Constellium SE was formed in France and maintains its principal place of business in France, Constellium SE is a French citizen.

---

[5] Named Defendant Constellium SE will file a Motion to Dismiss for lack of personal jurisdiction.

29. Accordingly, for purposes of diversity jurisdiction, because the "ultimate members"[6] of each of Constellium Muscle Shoals LLC, Constellium Holdings Muscle Shoals LLC, and Constellium Muscle Shoals Funding III LLC are citizens of France, and Constellium SE is a citizen of France, and because the Plaintiff is a citizen of Florida, the parties are completely diverse under 28 U.S.C. § 1332.

### B. The Amount in Controversy Exceeds $75,000.00.

30. Removal is also proper because the amount in controversy will likely meet the $75,000.00 jurisdictional threshold, exclusive of interest and costs. In his Complaint, Plaintiff seeks an unspecified amount of compensatory and punitive damages. When a plaintiff's complaint is silent as to the amount of damages, a defendant seeking removal to federal court based on diversity jurisdiction need show only, by preponderance of the evidence, that over $75,000 is likely at stake in the litigation to satisfy § 1332's amount in controversy requirement—not that plaintiff will likely or necessarily recover more than $75,000. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F. 3d 1312, 1315 (11th Cir. 2014).

31. Here, the Defendants maintain that Plaintiff is not entitled to any recovery against them. Nevertheless, it is apparent from the face of Plaintiff's

---

[6] *See* FN 2 for clarification regarding the meaning of "ultimate members" as used herein.

Complaint and the allegations of injuries and damages contained therein that [if Plaintiff's claim would be successful], the amount in controversy would more likely than not meet the $75,000.00 threshold. *See Farris v. Stryker Corporation*, 2019 WL 1979451, *2 (N.D. Ala., May 3, 2019) (holding in case involving a defective medical device that broke inside of the plaintiff's body that "the face of the complaint, viewed in the light of the court's judicial experience and common sense, establishes that the amount in controversy in this case more likely than not exceeds $75,000.00")(citing *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1060–66 (11th Cir.)).

32.   In his Complaint, Plaintiff alleges "severe and permanent bodily injury which required hospitalization and medical treatment and will in the future require medical care and treatment." (*See* Ex. A, Doc. 2, ¶ 17). Plaintiff seeks to recover expenses he has allegedly incurred, and believes he will incur in the future, for "hospital, doctor, physical therapy, drug and medical expenses in the treatment of his injuries." (*Id.*). Plaintiff claims he has suffered and will continue to suffer physical pain, mental anguish, and loss of enjoyment of life as a proximate result of his bodily injury. (*Id.*). Finally, Plaintiff alleges he is "permanently disabled as a result of his bodily injury and has lost income and will lose income in the future due to his permanent injury." (*Id.*). Moreover, while Plaintiff's allegations regarding compensatory damages alone show that the amount in controversy, if Plaintiff's claim would be ultimately successful, it would likely meet the jurisdictional

minimum, Plaintiff has also demanded punitive damages for wanton conduct. *See Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987).

33. Accordingly, for purposes of this removal, the face of the Complaint establishes that the amount in controversy more likely than not meets the $75,000.00 threshold, exclusive of interest and costs. *See Farris*, 2019 WL 1979451 at *2.

34. In addition, Plaintiff's counsel indicates the alleged accident caused "serious injuries that left [plaintiff] paralyzed." (*See* December 10, 2021 Letter, attached as **Exhibit C**). Given the alleged nature of such injuries and the anticipated damages that typically stem from paralysis, (medical expenses, physical therapy expenses, pain and suffering, lost income, etc.), it is more likely than not that the amount in controversy meets the $75,000.00 threshold.

35. For clarity, the Defendants deny Plaintiff is entitled to any of the damages or relief described above, but asserts for the purposes of this motion for removal, that Plaintiff's Complaint alleged claims would satisfy the amount-in-controversy requirement needed for this Court to exercise jurisdiction over this matter.

36. Accordingly, this case is properly removable because it is between a citizen of one state and citizens of a foreign state and the amount in controversy meets the jurisdictional threshold.

## IV.    OTHER REQUIREMENTS FOR REMOVAL

37.    Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as Exhibit A.

38.    Contemporaneously with the filing of this Notice of Removal, Constellium Muscle Shoals LLC will provide Plaintiff, by and through its counsel of record, with written notice of the filing of this Notice of Removal as required under 28 U.S.C. § 1446(d). Further, the Constellium Muscle Shoals LLC will file a Notice of Removal timely with the Clerk for the Circuit Court of Colbert County, Alabama, where the action was pending.

39.    The proper filing fee has been tendered to the Clerk of the United States District Court of the Northern District of Alabama.

40.    Constellium Holdings Muscle Shoals LLC, Constellium Muscle Shoals Funding III LLC and Constellium SE, without appearing in this matter, consent to the removal of this claim to the United States District Court of the Northern District of Alabama.

41.    All prerequisites for removal have been met.

## V.    ADOPTION AND RESERVATION OF DEFENSES

42.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of Constellium Muscle Shoals LLC, Constellium Holdings Muscle

15

Shoals LLC, Constellium Muscle Shoals Funding III LLC, or Constellium SE's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE,** Constellium Muscle Shoals LLC requests that this Court take cognizance and jurisdiction of this cause and enter any and all Orders necessary to effectuate the removal of this cause to this Honorable Court.

Respectfully submitted this 30th day of March, 2022.

*/s/ Turner B. Williams*
Turner B. Williams (ASB-6757-A53T)
Al F. Teel (ASB-2400-O84V)
Madeline E. Hughes (ASB-4428-D19F)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 458-5205
twilliams@burr.com
ateel@burr.com
mhughes@burr.com

Attorneys for CONSTELLIUM MUSCLE SHOALS LLC, CONSTELLIUM HOLDINGS MUSCLE SHOALS LLC, CONSTELLIUM

           MUSCLE SHOALS FUNDING III LLC, AND
           CONSTELLIUM SE

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document has been served on the following parties by U.S. First Class Mail, postage prepaid, or electronic mail on this the 30th day of March, 2022:

G. Rick Hall
J. Michael Tanner
Douglas B. Hargett
**HALL, TANNER & HARGETT, P.C.**
201 South Court Street, Suite 320
Florence, AL 35630
rhall@halltanner.com
mtanner@halltanner.com
dhargett@halltanner.com

         */s/ Turner B. Williams*
         OF COUNSEL