# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **LEO F. CHENEVERT,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action Number<br>) **3:22-cv-00401-AKK** |
| **CONSTELLIUM MUSCLE SHOALS, LLC,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This matter arises on Leo F. Chenevert's motion to remand, doc. 10, and Constellium Muscle Shoals, LLC's related motion to strike a claim in Chenevert's complaint, doc. 13. In short, Chenevert seeks remand of his case based on a newly pleaded workers' compensation-based claim, which he contends strips this court of jurisdiction, and Constellium asks the court to strike this claim as improperly added. The motions are briefed, docs. 14; 15; 16, and ripe for resolution. For the reasons that follow, Chenevert's is due to be granted, and Constellium's is due to be denied.

**I.**

Federal courts exercise limited subject matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and can hear cases involving state law between diverse parties if the amount in controversy exceeds

$75,000, 28 U.S.C. § 1332.  If a complaint originally filed in state court meets these jurisdictional requirements, a defendant generally may remove it to federal court.  28 U.S.C. § 1446(b); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010).  However, federal law circumscribes certain cases as categorically "nonremovable."  *See* 28 U.S.C. § 1445.  Relevant here, § 1445 deems nonremovable "[a] civil action in any State court arising under the workmen's compensation laws of such State."  *Id.* § 1445(c).  Addition of a workers' compensation claim can accordingly eliminate the basis for federal jurisdiction even after a defendant removes a case.  *See Hutcherson v. Flowers Baking Co. of Opelika, LLC*, No. Civ.A. 3:04CV924-C, 2005 WL 1421148, at *3 (M.D. Ala. June 16, 2005).

Also relevant here, Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305-Orl-19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008).  However, "[i]t is not intended to 'procure the dismissal of all or part of a complaint.'"  *Id.*  "Likewise, a motion to strike is a drastic remedy and is disfavored by the courts," and "[it] should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a

party.'" *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (quoting *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

## II.

This lawsuit stems from injuries Chenevert, a truck driver, allegedly suffered while on Constellium's aluminum manufacturing facility in Colbert County, Alabama. *See* docs. 1-1; 9. Constellium allegedly hired Chenevert to transport products from its location in Muscle Shoals, Alabama, to Oklahoma. *Id.* Chenevert alleged that he fell and injured himself essentially due to faulty instructions Constellium provided, an unsafe or ill-maintained work area, and a defective catwalk that Constellium designed and manufactured for which it did not supply adequate warnings. *See* doc. 1-1 at 13–16. Chenevert originally pleaded three claims against four Constellium entities in Alabama state court under theories of negligence, wantonness, and the Alabama Extended Manufacturers Liability Doctrine. *See id.*

Constellium subsequently removed the case to this court on grounds of diversity jurisdiction. Doc. 1. Soon after, it filed a motion to dismiss and an answer. Docs. 3; 4. Constellium asserted as affirmative defenses "the special employer doctrine," that the exclusivity and immunity provisions of Alabama workers' compensation law barred Chenevert's claims, and that Chenevert "ha[d] elected workers' compensation as his sole remedy." Doc. 4 at 6–7.

Thereafter, Chenevert voluntarily dismissed his claims against three of the defendants and amended his complaint against the remaining defendant, Constellium Muscle Shoals, LLC. Docs. 8; 9. Specifically, Chenevert added a claim for workers' compensation benefits "in the alternative," purporting that Constellium's answer "allege[d] affirmative defenses predicated upon [his] status as its special employee . . . , which would mean [Constellium] owes [Chenevert] for the [workers' compensation] benefits . . . , as well as being precluded from asserting certain defenses." Doc. 9 at 9–10. Simultaneously, Chenevert moved to remand the case under 28 U.S.C. § 1445(c) based on the workers' compensation claim. *See* doc. 10. Constellium opposes removal, *see* doc. 14, and has moved to strike the workers' compensation-law claim from the complaint, doc. 13.

### III.

In a nutshell, Chenevert maintains that his amended complaint, which explicitly cites an "alternative" theory of liability under Alabama workers' compensation law, strips this court of jurisdiction. Doc. 10. For its part, Constellium argues that Chenevert added the workers' compensation claim solely to defeat federal jurisdiction and that he cannot plead a claim that "is mutually exclusive of his tort claims." Docs. 13; 14. As a result, Constellium asks the court to strike the workers' compensation claim and to retain jurisdiction over the rest of the complaint. *See* doc. 13.

A.

The rights and remedies granted to employees under Alabama's workers' compensation law "exclude all other rights and remedies of the employee . . . at common law, by statute, or otherwise on account of injury, loss of services, or death." ALA. CODE § 25-5-53. And, except under "very limited" exceptions, this law shields an employer from "most causes of action sounding in tort that are connected or related to a workers' compensation claim." *See Crean v. Michelin Tire Corp.*, 889 F. Supp. 460, 463 (M.D. Ala. 1995) (citing *Gibson v. S. Guar. Ins. Co.*, 623 So. 2d 1065, 1066 (Ala. 1993)). In particular, "the only causes of action recognizable in tort as exceptions to workers' compensation being an exclusive remedy are fraud and the tort of outrageous conduct." *Id.* at 465.

Chenevert's claims sound essentially in tort, and he does not plead any fraudulent or outrageous conduct by Constellium. *See generally* doc. 9. Accordingly, Alabama's workers' compensation law could preclude Chenevert from pinning tort liability on Constellium in the manner he seeks. *See Crean*, 889 F. Supp. at 463, 465. This, in turn, might affect Chenevert's ability to plead a workers' compensation claim as an "alternative" to his negligence, wantonness, and AEMLD claims. Indeed, Constellium basically contends that Chenevert cannot have it both ways, and it also argues that Chenevert's workers' compensation claim strictly serves as a vehicle to assert contradictory allegations.

But this court need not resolve the thorny issue of the mutuality or exclusivity of Chenevert's possible rights and remedies. Chenevert's work injury-based claims clearly implicate Alabama workers' compensation law, and federal law precludes the removal of cases arising under state workers' compensation law,[1] *see* 28 U.S.C. § 1445. True, Chenevert may not be able to assert tort claims against Constellium, and he even acknowledges that the contentions in his original complaint—which pleaded only tort claims—may have involved Alabama's workers' compensation law, too. *See* doc. 10 at 6. He may even have added an explicit workers' compensation claim to require remand. Still, this would not change that the court lacks jurisdiction to "delve into an area of state law which is statutorily 'off limits.'" *See Hutcherson*, 2005 WL 1421148, at *2, *2 n.3 ("[The] amendment is most likely for the purpose of destroying diversity. But, the *Hensgens* . . . factors[2] which include whether a motion to amend to add a party is for that purpose are not

---

[1] Constellium insists that § 1445 does not divest this court of jurisdiction because an action cannot "arise under" workers' compensation law merely because of a defendant's affirmative defenses. Doc. 14 at 5–7 (citing 28 U.S.C. § 1445). And Chenevert does cite Constellium's affirmative defenses as supporting his newly pleaded workers' compensation claim. *See* doc. 9 at 10. However, Constellium's contention overlooks that Chenevert seeks remand on the basis of his amended pleadings, which include a workers' compensation claim, *see* doc. 10, and the court's inquiry focuses on whether his pleadings—not Constellium's defenses—arise under Alabama's workers' compensation law.

[2] *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (instructing courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities" to determine whether to allow the addition of a nondiverse party that would destroy diversity jurisdiction).

6

applicable when the amendment concerns addition of a claim rather than a party."). For these reasons, and because "all doubts about jurisdiction should be resolved in favor of remand to state court," *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999), Chenevert's motion is due to be granted.

B.

These reasons and others also counsel against striking the workers' compensation claim from the amended complaint. For one, claims related to Chenevert's alleged work injuries may necessarily involve or arise under Alabama workers' compensation law, as his amended complaint contemplates. In this respect, Chenevert's claim does not constitute "redundant, immaterial, impertinent, or scandalous matter," *see* FED. R. CIV. P. 12(f), and granting Constellium's motion would not streamline or "clean up" the pleadings, *see Hutchings*, 2008 WL 4186994, at *2. Rather, Constellium's motion impermissibly seeks to "'procure the dismissal of . . . part of [the] complaint.'" *See id.* Constellium otherwise fails to justify why the court should grant this "drastic" and "disfavored" remedy. *See Schmidt*, 289 F.R.D. at 358. Constellium's motion is due to be denied, and Constellium can and must litigate these issues in state court.

IV.

In summary, Chenevert's motion to remand, doc. 10, is due to be granted because his complaint necessarily implicates Alabama's workers' compensation

7

law, stripping this court of jurisdiction.  Constellium's motion to strike, doc. 13, is due to be denied.  A separate order follows.

    **DONE** the 16th day of May, 2022.

                                               **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE